UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSE LUVIANO,

                Petitioner,

  v.

                                       9:17-CV-0938
                                       (BKS/ATB)

UNITED STATES OF AMERICA,

                Respondent.

APPEARANCES:                                       OF COUNSEL:

JOSE LUVIANO
21074-018
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner Jose Luviano filed a petition for a writ of habeas corpus and memorandum of law pursuant to 28 U.S.C. § 2241.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Memorandum of Law ("Mem.").  He paid the filing fee.

**II.   THE PETITION**

Petitioner, who is currently confined at Ray Brook Federal Correctional Institution, challenges the imposition of a sentence entered in 2000, and reduced in 2016, in the United States District Court for the Middle District of Florida ("Middle District Court") upon his conviction of one count of conspiring to distribute methamphetamine, in violation of 21 U.S.C.

§§ 841, 846.  *See* Pet.; Mem. at 3-5.[1]  On September 29, 2000, petitioner was sentenced to 480 months imprisonment and five years supervised release.  *United States v. Luviano,* No. 8:00-CR-0030 (M.D. Fl.), Dkt. No. 36.  On  November 28, 2016, petitioner's sentence was reduced to 360 months in light of Amendment 782 of the United States Sentencing Guidelines.  *Id.*, Dkt. No. 71, Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).

Petitioner states that the Eleventh Circuit Court of Appeals affirmed his judgment of conviction, although "[n]ot on this specific issue with current supporting case law." Pet. at 2; *accord, United States v. Luviano*, 273 F.3d 1114 (Table) (11th Cir. 2001).  On June 6, 2017, petitioner filed a petition pursuant to 28 U.S.C. § 2255.  Pet. at 4;  *accord*, *Luviano*, 8:00-CR-0030, Dkt. No. 76, Petition; Dkt. No. 76-1, Memorandum of Law.  In his section 2255 petition, petitioner argued that he was "sentenced for a crime in which [*sic*] he was not indicted for," because the charge to which he pleaded guilty did not contain a "weight as to the methamphetamine," a "necessary element for determining the applicable sentences."  *Id.*, Dkt. No. 76-1 at 2, 5-6.  By sentencing him to 480 months imprisonment (i.e., above the "0-20 years" imprisonment to which he believed he was exposed), petitioner argued, the sentencing court necessarily made factual findings about the quantity of the methamphetamine and, on that basis, increased his possible sentence, in violation of, *inter alia*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S. Ct.

---

[1] Citations to the petition and petitioner's memorandum of law refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2151 (2013). *Id.*[2]

The Middle District Court denied petitioner's section 2255 petition as time-barred. *Luviano v. United States*, No. 8:17-CV-1341, Dkt. No. 2, at 2, Order, entered June 8, 2017. Moreover, the Middle District Court observed that, to the extent petitioner argued that the sentencing court lacked jurisdiction to impose the sentence "because the statutory maximum was twenty years," the Eleventh Circuit "soundly rejected this argument on [petitioner's] direct appeal." *Id.* (footnote omitted).[3]

In the present case, petitioner has filed a memorandum of law that is virtually identical to the memorandum of law he filed in the Middle District Court in support of his section 2255 motion. Petitioner again contends that he is entitled to habeas relief because the indictment did not specify a weight or quantity of methamphetamine that he conspired to distribute, and the sentencing court impermissibly "determined the weight amount at sentencing[.]" Mem. at 4. Additionally, petitioner claims that this is a "textbook case of actual innocence" because he is "serving a sentence for a crime . . . he had not committed, nor admitted to." *Id.* at 14-15.

Petitioner brings his petition pursuant to section 2241 under the "savings clause" of 28 U.S.C. § 2255, asserting that section 2255 is inadequate or ineffective to address the claims

---

[2] In *Apprendi*, the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. Petitioner appears to argue that he should have been sentenced to not more than twenty years imprisonment, pursuant to 21 U.S.C. § 841(a)(1)(C). Mem. at 6.

[3] Although the Eleventh Circuit's decision affirming petitioner's conviction was unpublished, petitioner argued, in his memorandum of law on direct appeal, that "[t]he indictment's failure to specify a quantity of methamphetamine–coupled with *Apprendi* objections at sentencing–make it clear that the sentence should have been determined according to the statutory parameters established under 21 U.S.C. § 841(b)(1)(C) reflecting a range of 0-20 years imprisonment." *U.S. v. Luviano*, No. 00-15360 (HH), 2001 WL 34137162, at *16 (Initial Brief on Appeal, Mar. 23, 2001).

asserted in his petition. Pet. at 5; Mem. at 13-15.

**III.    DISCUSSION**

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. See 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.'" *Morales v. United States*, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. §2255(a)); *Adams*, 372 F.3d at 134. A motion pursuant to § 2255 must be brought in the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008) (holding that section 2255 directs claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case."); *Williams v. Winn*, No. 4:05-CV-40100, 2005 WL 1541099 at *1 (D. Mass. June 30, 2005) ("[As] Section 2255 is the correct vehicle for challenging the legality of a sentence . . . this Court is without jurisdiction under section 2241 to correct petitioner's sentence."). If the motion is denied, a petitioner may seek to appeal the district court's decision in the appropriate court of appeals for the district of sentencing. Rule 11, Rules Governing Section 2255 Proceedings For the United States District Courts ("Section 2255 Rules"); Fed. R. App. P. 4(a) (governing time to take an appeal); Fed. R. App. P. 22 (governing appeals in "Habeas Corpus and Section 2255 Proceedings.").

By contrast, § 2241 is the proper vehicle to challenge the execution of a sentence. *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a § 2241

petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under § 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

      In rare circumstances, a federal prisoner may challenge the validity of his or her conviction under § 2241 if he or she can show that the remedy under § 2255 is "inadequate or ineffective to test the legality of his [or her] detention." 28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361, 374-74 (2d Cir. 1997). The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove actual innocence on the existing record, and (2) could not have effectively raised [his] claim[s] of innocence at an earlier time." *Cephas*, 328 F.3d at 104 (internal quotation marks omitted) (quoting *Triestman*, 124 F.3d at 363); *see Adams*, 372 F.3d at 135 (holding that the remedy under § 2255 is "not inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition") (emphasis in original); *Triestman*, 124 F.3d at 376 ("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' . . . then Congress would have

accomplished nothing at all in its attempts–through statutes like the AEDPA–to place limits on federal collateral review.").

Here, as petitioner acknowledges, he is challenging the legality of his sentence. *See* Pet.; Mem. This proceeding therefore should have been brought pursuant to § 2255. As noted above, petitioner has already filed a motion pursuant to § 2255, which the Middle District Court found to be untimely. *Luviano*, No. 8:17-CV-1341, Dkt. No. 2, at 2. "[A] habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes." *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003). Because petitioner had a previous § 2255 motion denied on the merits, this petition is second or successive.[4] When a petitioner files a § 2241 petition

> in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits . . . the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the appropriate Court of Appeals] for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction.

*Adams*, 372 F.3d at 136 (citations omitted).

In this case, the Court concludes that petitioner may not test the validity of his

---

[4] Ordinarily, when a district court recharacterizes a pro se petitioner's filing "as a first § 2255 motion[,]" the court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003) (emphasis added). The notice requirements do not apply to federal prisoners, like petitioner, who had one or more prior § 2255 motions dismissed on the merits because petitioner is already subject to the gate keeping provisions that require certification from the appropriate court of appeals before any second or successive motion may be considered by the district court. *Adams*, 372 F.3d at 136; *Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir. 2002).

6

sentence pursuant to § 2241 and that dismissal for lack of jurisdiction is appropriate. In his petition, petitioner asserts that the sentencing court "erroneously believes that there is an AEDPA barrier even when it involves the fact that the court was without jurisdiction to impose the current sentence which was above the statutory maximum." Pet. at 5. To the extent that petitioner may be understood to request review of the Middle District Court's determination that his § 2255 motion was untimely, his request must be denied. This Court lacks jurisdiction to review or reverse the decision of a sister district court. Any appeal from the sentencing court's decision denying his § 2255 motion must be brought in the appropriate court of appeals–here, the Eleventh Circuit. Rule 11, Section 2255 Rules; Fed. R. App. P. 4, 22.

  Moreover, to the extent that he claims that he is actually innocent, petitioner appears to argue that he is being confined for conspiring to distribute a quantity of methamphetamine that was not charged in the indictment. Mem. at 14-15. However, petitioner raised the same basis for relief in his earlier § 2255 motion; and, in its decision denying his motion, the Middle District Court noted that the Eleventh Circuit had also rejected on direct appeal his argument that the Middle District Court lacked jurisdiction to sentence him as it did. *See Adams*, 372 F.3d at 135 (noting that "§ 2255 is *not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition"); *Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003) ("'[S]erious constitutional questions' are not raised when AEDPA prevents a prisoner from raising a claim that he or she could have

7

raised on direct review or in an earlier section 2255 motion.")[5]

Finally, the Court notes that *Apprendi* and *Alleyne*–the cases upon which petitioner's arguments principally rely–do not apply retroactively to cases on collateral review. *See, e.g., United States v. Redd*, 735 F.3d 88, 92 (2d Cir. 2013) ("*Alleyne* did not announce a new rule of law made retroactive on collateral review.");*Coleman v. United States*, 329 F.3d 77, 82, 87 (2d Cir. 2003) (explaining that *Apprendi* is a new rule of constitutional law that has not been made retroactive by the Supreme Court to second or successive § 2255 motions for relief, because it is a procedural rule and not a substantive rule); *see also Griffin v. Warden, FCI Miami*, 572 F. App'x 758, 762 (11th Cir. 2014) (per curiam) ("Griffin's § 2241 claim fails on the merits because neither *Apprendi* nor *Alleyne* apply retroactively on collateral review."); *Chester v. Warden*, 552 F. App'x 887, 891 (11th Cir. 2014) (per curiam) ("[B]ecause it is based on the *Apprendi* rule, *Alleyne*'s rule does not apply retroactively on collateral review."). Petitioner therefore cannot demonstrate that the failure to permit collateral review of his *Apprendi*- and *Alleyne*-based claims would raise serious constitutional questions.[6]

---

[5] The Court notes that, although petitioner invokes the actual innocence exception to the bar against second or successive petitions, he has not argued (much less established) that he is innocent of the conspiracy of which he was convicted. His argument is not predicated on "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" which makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Doe v. Menefee*, 391 F.3d 147, 161-62 (2d Cir. 2004) (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)) (internal quotation marks omitted); *see House v. Bell*, 547 U.S. 518, 536-39 (2006). Instead, petitioner's "actual innocence argument is merely a restatement of his underlying *Alleyne* claim," and the Court finds it insufficient to overcome the bar to his petition in this case. *Reid v. United States*, No. 1:13-CV-5308, 2014 WL 4101507, at *3 (E.D.N.Y. Aug. 15, 2014).

[6] The Eleventh Circuit has held, with respect to section 2255's savings clause, that "[a] motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim," and thus, "[e]ven if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court." *McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017). Petitioner has already pursued his arguments in a section 2255 motion in the court that sentenced him. In light of the Eleventh Circuit's interpretation of the savings clause, the Court finds it highly unlikely that the Eleventh Circuit would permit petitioner to again pursue his claims in a second § 2255 petition. For these reasons, as well as those discussed at greater length above, the Court concludes that dismissal of the present

In sum, the Court lacks jurisdiction to entertain petitioner's § 2241 petition because he is not challenging the execution of his sentence and he has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. Because petitioner has already pursued his claims in a previous section 2255 motion (which was denied by the sentencing court), the Court concludes that dismissal of the present petition is appropriate.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2);[7] and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

Dated: October 23, 2017

Brenda K. Sannes
U.S. District Judge

---

petition (rather than transfer to the circuit court for certification) is warranted.

[7] See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").